IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ARAMBULA, | No. C 05-1386 CW (PR) |
| Plaintiff, | |
| v. | ORDER DENYING AS MOOT MOTION TO AMEND COMPLAINT, DISMISSING ACTION, AND DENYING IN FORMA PAUPERIS STATUS |
| M.S. EVANS, Warden, ET AL., | |
| Defendants. | |
| | (Docket nos. 2, 4) |

## BACKGROUND

Plaintiff Gonzalo Arambula is a prisoner of the State of California who is incarcerated at Salinas Valley State Prison (SVSP). He has filed this civil rights action under 42 U.S.C. § 1983 and seeks leave to proceed in forma pauperis. Venue is proper in this Court because the injuries complained of occurred in Monterey County, which is located within the Northern District of California. See 28 U.S.C. § 1391; 28 U.S.C. § 84.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of State law. West v. Atkins, 487 U.S. 42, 48 (1988). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## DISCUSSION

In his complaint and "Motion for Amended Complaint"[1] Plaintiff alleges that in August, 2004 SVSP mail room staff purposefully opened a piece of legal mail addressed to him from the State Board of Control. Plaintiff pursued the matter through all three formal levels of administrative review. At each level it was determined that the piece of mail had not been identified as legal mail and therefore prison staff was permitted to open it for inspection. The reviewers also found that if the mail had been incorrectly identified as non-legal mail it was a mistake. In his amended complaint Plaintiff charges SVSP Warden M.S. Evans with failing to properly train staff in the handling of legal mail. Plaintiff seeks damages of $10,000.

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a

---

[1] A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Accordingly, his motion is DENIED as moot.

2

prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987).

The inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. See Witherow, 52 F.3d at 265-66 (upholding inspection of outgoing mail); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail). Prison officials also may institute procedures for inspecting legal mail, for example, mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, see Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But the opening and inspecting of legal mail outside the presence of the prisoner may have an impermissible chilling effect on the constitutional right to petition the government. See O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996) (citing Laird v. Tatum, 408 U.S. 1, 11 (1972)). Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998); see also Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) (with minute exceptions correspondence from a court to a litigant is a public document).

Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (no

claim where letter from prisoner's attorney opened out of prisoner's presence in single instance), cert. denied, 424 U.S. 973 (1976); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir.) (isolated incident of mail mishandling insufficient to state a claim under § 1983), cert. denied, 418 U.S. 910 (1974); Lingo v. Boone, 402 F. Supp. 768, 773 (N.D. Cal. 1975) (an isolated incident of mail censorship or interference due to prison officials' "honest error" does not justify relief under § 1983).

According to Plaintiff's description of the piece of mail as a letter from the State Board of Control the mail was not legal mail and therefore could be inspected by mail room staff outside of the presence of Plaintiff. Even if it was legal mail, however, Plaintiff's allegations of an isolated incident of mail mishandling fail to state a claim upon which relief may be granted. Because amendment would be futile, this action is DISMISSED with prejudice.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The motion to amend the complaint is DENIED as moot. (Docket no. 6.)

2. The action is DISMISSED with prejudice and without leave to amend.

3. Leave to proceed in forma pauperis is DENIED. (Docket no. 2.)

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 1/12/06

*[signature: Claudia Wilken]*

CLAUDIA WILKEN
United States District Judge

4